**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST  )
FROM THE UKRAINE         )
IN THE MATTER OF         )   Misc. No. 06-
SEMASH                   )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged embezzlement.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from a company which resides in this District and the Delaware Secretary of State's Office. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

>   (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the

testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Richard G. Andrews
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 3/27/06

*State Emblem of Ukraine*

**Public Prosecution of Ukraine**

**GENERAL PROSECUTOR'S OFFICE OF UKRAINE**

| 01601, Kyiv-11, Riznytska Str. 13/15 | fax: (044) 280-28-51 |
|---|---|

06. 12.2005     No 14/2-28754-05          U.S. Department of Justice

To:  Rex Young
     Senior Counsel
     Office of International Affairs
     Suite 800

     1301 New York Ave., N. W.
     Washington, D.C. 20005

**Dear Mr. Young,**

The Line Department for the Ministry of Internal Affairs of Ukraine of Lviv Railway is investigating a criminal matter <u>No 30-184</u> initiated on the fact of taking possession of somebody else's property in especially large volumes by abuse of authority by officials of a Limited Liability Company SEMASH by the elements of crime, envisaged by section 5 of Article 191 of the Criminal Code of Ukraine.

The need of carrying out proceedings in the territory of the United States of America has arisen in the course of investigation of this matter.

According to Agreement between the United States of America and Ukraine *On Mutual Legal Assistance in Criminal Matters* of 1998, I am sending you the commission of the Line Department for the Ministry of Internal Affairs of Ukraine of Lviv Railway for legal assistance in the above criminal matter with a request to organize its execution.

Please send materials received as a result of execution of the commission to the General Prosecutor's Office of Ukraine to our reference number.

Enclosure:  on 10 pages.

**Sincerely,**
**Head of**
**International Law Department**                            **S. Kravchuk**

By: Protsyshen V.M.
tel.: 38-044-288-95-57

Translator of the General Prosecutor's Office of Ukraine           R. Mykytenko

Department of International Affairs<br>
Judicial and Criminal Office<br>
To Department of Justice of the<br>
United States of America

Notice of Motion<br>
For judicial assistance<br>
On criminal case № 30-184

Ukraine makes an address to competent bodies of the United States of America to give it judicial assistance by the Agreement between the United States of America and Ukraine on mutual assistance in criminal cases, signed July 22, 1998 in Kyiv.

Department of Foreign Affairs of Ukraine at Lviv Railways conducts pre-trial investigation on criminal case № 30-184, where Karapinka Roman Mikolayovich, head of "Semash" Ltd. has been subjected to criminal prosecution. Mr. Karapinka, using the procedure of value added tax reimbursement from the State Budget of Ukraine, abused his power and presented fictitious documents to Lviv Tax Department on mobile Phones parts and play recorders panels export totaled at 31 680 000 UAH. As a result, he was reimbursed from the State Budget 5 280 000 Ukrainian Hryvnia, to the detriment of the State. The person has not been given official charges yet, since the additional evidences are collected, and such that may be given by the United States of America enforcement bodies. By Criminal Procedure Code of Ukraine, trial is proved to be necessary to determine the guilt and fix the penalty.

Investigator needs the following information:

1. Document on business activity in the United States of America Riconati Trade GmbH enterprise, to learn whether it had any business and financial relations to Ukrainian "Semash" Ltd. and InterCom OOD Bulgaria (Varna – 9000, 17 "Krystiu Mirski" Street, manager: Georgy Patlizhansky).

2. The investigator necessitates interrogation of Thomas Bolsoven, the executive of Riconati Trade GmbH.

**The investigating Body of Ukraine ensures the competent bodies of the United States of America, that findings and information, received during the interrogation, will only be used for investigation of criminal case and trial purposes.**

The matter of the crime committed by the "Semash" Ltd. executive is as follows:

Between 2002 and 2003, "Semash" Ltd. (Lviv, Ukraine), represented by its founder and executive Mr. Karapinka R.M., was reimbursed 5 280 000 Ukrainian Hryvnia of value added tax in the course of goods export to Riconati Trade GmbH (Wilmington, Delaware, United States of America): mobile phones parts, tape recorder panels amounted at 31 680 000 Ukrainian Hryvnia.

The investigator suspects that Mr. Karapinka R.M. didn't export any goods to Riconati Trade GmbH at all, but abusing his power, handed in fictitious documents to Tax Department in Lviv on export operations:

- Contract № 1-c, October 5, 2002, signed between "Semash" Ltd. (seller) and Riconati Trade GmbH Suite 606, 1210 N. Market Street, Wilmington. Delaware, United States of America. Account # ▓▓▓▓▓ Parex Bank, Riga SWIFT: ▓▓▓▓▓ Corr. Bank: BANKERS TRUST COMPANY, New York Account ▓▓▓▓▓ SWIFT: ▓▓▓▓▓ – (buyer), represented by the executive Thomas Bolsoven. By the contract, the "seller" sells and the "buyer" buys on SRT. conditions (InterComs, 2000, Sophia airport, Bulgaria) 300 000 items of mobile phone parts, various flat plastic sticky goods, not rolled, totaled at 3 012 000 Dollars of United States of America, 200 000 items of play recorder sticky plastic panels with some figures and letters printed on them, amounted 199 000 Dollars of United States of America. Total 5 002 000 Dollars of United States of America. Goods Code – 3919909000.

Payment shall be transacted to the monetary account of the seller no later than 90 days after the exported goods are delivered. Delivery day – goods

arrival at the destination to Sophia airport, Bulgaria, under the responsibility of InterCom Sped OOD Bulgaria (Varna – 9000, 17 Krystiu Mirski Street, manager Georgy Patlizhansky).

- Account (invoice) of hereabove goods.
- Customs clearance application and other fictitious documents, that were justified to reimbursement of value added tax.

Crime, committed by Mr. Karapinka R.M., the executive of "Semash" Ltd., is laid down by Criminal Code of Ukraine Article 191, Chapter 5.

### Article 191. Embezzlement, peculation, acquisition by conquest and power abuse.

### Chapter 5.

Embezzlement, acquisition by conquest and power abuse committed by an official, resulted in great amount of loss are punished within 7-12 years of imprisonment and ineligibility for office or business activity prohibition for 3 years with confiscation of property.

Mr. Karapinka R.M. broke the law, provided he didn't export above mentioned goods to Riconati Trade GmbH, didn't receive 5 002 000 Dollars of United States of America on "Semash" account, that justified 5 280 000 Ukrainian Hryvnia reimbursement from the State Budget.

### Subjects involved:

1. Roman Mykolayovych Karapinka
   Date of birth: ███████
   Place of birth: Zavereshchytsia village, Lviv region, Ukraine
   Citizenship: citizen of Ukraine
   Sex: male
   Passport number: (Ukraine)███████
   Address: ███████ Horodok, Lviv region, Ukraine.

2. Riconati Trade GmbH Suite 606, 1210 N. Market Street, Wilmington, Delaware, United States of America. Account # ■■■■ Parex Bank, Riga SWIFT: ■■■■ Corr. Bank: BANKERS TRUST COMPANY, New York Account ■■■■ SWIFT: ■■■■

The investigator doesn't have any additional information regarding Riconati Trade GmbH and its manager Thomas Bolsven.

### Assistance needed:

1. To learn the facts regarding registration and business and commercial activity of Riconati Trade GmbH Suite 606, 1210 N. Market Street, Wilmington, Delaware, United States of America. Account ■■■■ Parex Bank, Riga SWIFT: ■■■■ V22 Corr. Bank: BANKERS TRUST COMPANY, New York Account ■■■■ SWIFT: ■■■■ Address, subsidiaries in Bulgaria and Ukraine, subsidiary representatives.
2. Who is the manager and the founder of the firm? Was Thomas Bolsovich its manager?
3. Information on company liquidation, if any occurred.
4. Did Riconati Trade GmbH sign a contract № 1-c, October 5, 2002 with "Semash" Ltd. (Ukraine) to export mobile phone parts and tape recorder panels? What are the documents, quantity, price, sum, transportation, firms involved that justify the export of goods to the United States of America for Riconati Trade GmbH?
5. How were the payments transacted? (Sums, documents, receiver, accounts).

### Evidence needed:

**To identify Tomas Bolsven and interrogate him on:**

1. Did he sign, on behalf of Riconati Trade GmbH, contract № 1-c, October 5, 2002, with "Semash" Ltd. (Ukraine) to export mobile phone parts and tape

recorder panels? If he did, then when, under what conditions and who initiated it?

2. Did Riconati Trade GmbH receive 300 000 items of mobile phone parts, various flat plastic sticky goods, not rolled, and 200 000 tape recorder sticky plastic panels, with some letters and figures printed? If he did, then when, from whom, by what transport?

3. How were payments transacted, when, what sums, what were the documents, accounts money was transacted on?

### Procedure.

We officially appeal to You to do the following procedure in the course of interrogation.

1. To start interrogation of the witness and identify his full name, address, date and place of birth.
2. To notify the witness that he is not entitled to witness against himself, members of his family and relatives.
   To notify the witness that he may face criminal charges for false testimony.
3. To ask the questions you are sure to receive answers.
4. To write down the information above to the interrogation protocol. The protocol shall contain:
   1. Information given personally by the witness.
   2. Instruction that the competent body of the USA notified the witness he is not entitled to witness against himself, members of his family and relatives, but answers are bound to full faith and credit or he shall face criminal charges.
   3. Questions and answers received.
5. Then: 1. Read the witness questions and answers recorded;
   2. Ask the witness to notify himself of the protocol

6. Make a note on the protocol signifying whether the competent body of the USA read the questions and answers to the witness, or witness subjected himself to the notification.

7. Every paper of the protocol must be signed by the witness. The protocol is finally signed the competent body of the USA.

Request for legal assistance in criminal case № 30-184 is sent to You for the first time.

Provided You have any questions pursuant to the request for legal assistance, You are free to call any time. 10 (code of the State) 032 (city code) ██████ ██████ (Request done by Fleisher V.M.)

Materials and documents collected are required to be posted to Department Of Home Affairs of Ukraine. ██████ Lviv, 50-a Fedkovych str. Ukraine.

Deputy Head of the Department                                Kulish L.V.

Translator  Viktor Volchkov  _____
Translation is entitled to full truth and credit.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST )<br>FROM THE UKRAINE )<br>IN THE MATTER OF )<br>SEMASH ) | Misc No. 06- |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

       3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

       4. seek such further orders of this Court as may be necessary to execute this request; and

       5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

       IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2006.

_____
United States District Court Judge